## UNITED STATES v. PISTILLI.
### Crim. A. No. 10830.

United States District Court
E. D. New York.
March 4, 1954.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Albert H. Buschmann, Jamaica, N. Y., for plaintiff.

Alfonso Bivona, New York City, for defendant.

RAYFIEL, District Judge.

The plaintiff seeks herein to revoke and set aside an order entered in the New York Supreme Court, Richmond County, on January 30, 1928, wherein and whereby the defendant became a citizen of the United States of America, to cancel the certificate of naturalization issued to him, and to enjoin and restrain him from claiming any rights, benefits and privileges available to him under the said order and certificate.

The complaint alleges, in substance, that the defendant filed a petition for naturalization on February 14, 1927, and was admitted to citizenship on January 30, 1928, receiving naturalization certificate No. 2734738; that in connection with the filing of the said petition the defendant stated under oath that he had never left the United States since his original entry in 1920 and that he was then unmarried; that said statements were false in the following respects: that the defendant went to Italy in or about May, 1921, and returned to the

United States in or about May, 1923, and while in Italy was married to one Filomena Barbato, which said marriage has not been terminated; that in or about May, 1923, upon his return to the United States, he sought to obtain admission, without inspection, under the name of Izzo Saverio, being then in possession of a document describing him as a native-born American citizen of that name.

The complaint further alleges that the defendant deliberately testified falsely in his naturalization proceeding in order to conceal his failure to comply with the legal requirements respecting the entry of aliens and the necessity for at least five years of continuous residence in the United States next preceding the filing of his petition for naturalization.

The plaintiff claims that the aforementioned order and certificate were fraudulently and illegally obtained in that (1) he was not a person of good moral character, having effected entry into the United States in 1923 by assuming the identity of another person and having made false statements as to his marital status, (2) he was not then a legal resident of the United States, having entered without the inspection required of aliens by the immigration laws, and (3) he had not resided in the United States continuously for at least five years next preceding the filing of his petition for naturalization.

The plaintiff, alleging that good cause exists therefor, seeks the relief described in the first paragraph hereof in accordance with the provisions of section 338(a) of the Nationality Act of 1940, Title 8 U.S.C.A. § 738(a),[1] under which this action was brought.

The defendant admits the material allegations contained in the complaint but claims, "that the erroneous statements contained in the defendant's application for citizenship * * * were made by him through mistake, thoughtlessness, ignorance and lack of understanding of the English language, and were not intended by said defendant to defraud the plaintiff."

The very nature of the acts perpetrated and the statements made by the defendant, viz.:—that he was unmarried and had resided in the United States continuously for the five years next preceding the filing of his petition, and the use of the passport of another person, a native-born American citizen, to obtain entry into the United States upon his return from Italy in or about May 1923, negative the claim that those acts and statements, and others made or committed by him in connection with his application, were the result of mistake, thoughtlessness or ignorance, particularly so since it is obvious that he used the said passport to avoid exclusion as a quota immigrant, thereby circumventing the quota laws, Title 8, U.S.C.A. § 229,[2] which were in effect when he returned from Italy in 1923. But that defense, even if true, is of no avail. The right to acquire naturalization is governed by statute and requires strict compliance therewith.

The testimony, the documentary evidence and the uncontroverted allegations of the complaint show:—

(1) that the defendant filed his petition for naturalization in the New York Supreme Court, Richmond County, on February 14, 1927, was admitted to citizenship on January 30, 1928, and had issued to him a certificate of naturalization bearing the number 2734738.

(2) that the defendant, in filing his petition for naturalization, stated under oath that he was unmarried and had never left the United States since his original entry in 1920.

(3) that the statements referred to in No. (2) hereof were false in that the defendant had visited Italy in or about

---

1. Now Immigration and Nationality Act, § 340(a), 8 U.S.C.A. § 1451(a).

2. Now repealed.

May 1921, and had remained there until in or about May 1923, during which period he married one Filomena Barbato, which said marriage has not been terminated.

(4) that the defendant sought entry into the United States in or about May, 1923, under the name of another person, one Izzo Saverio, and submitted documents describing him as a native-born American citizen, whereupon he was admitted, without inspection, as such a citizen.

(5) that the defendant wilfully and deliberately testified falsely in his said naturalization proceeding in order to conceal both his illegal entry into the United States in or about May, 1923, and the fact that he had not resided in the United States continuously for at least the five years next preceding the filing of his petition for naturalization.

(6) that the last known place of residence of the defendant was 420 Castleton Avenue, New Brighton, Staten Island, Richmond County, New York.

It is my opinion that the means used by the defendant in obtaining the aforementioned order and certificate of naturalization constituted the good cause for the institution of this action provided for in Title 8 U.S.C.A. § 738(a) and accordingly I conclude that the said order and certificate of naturalization were fraudulently and illegally procured since he was not a legal resident of the United States at the time of the making and issuance thereof and that in order to obtain them he wilfully and deliberately made false statements as to his marital status and his continuous residence in the United States for five years next preceding the filing of his petition.

Judgment is therefore granted for the plaintiff, revoking the defendant's naturalization and cancelling the certificate of naturalization bearing the No. 2734738 heretofore issued to him.

Submit, on notice, decree in conformity herewith.