FREDERICK V. McNAIR AND AGNES D. McNAIR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57691, 59149. Filed September 28, 1956.

*J. Benjamin Simmons, Esq.*, for the petitioners.
*John W. Dowdle, Jr., Esq.*, for the respondent.

**OPINION.**

Wɪᴛʜᴇʏ, *Judge:* Resolution of the issue here presented is dependent on statutory provision, not equity principles as urged in part by petitioner. We are justified in assuming that Congress has enacted applicable legislation with due consideration to the equities involved herein.

Section 22 (b) (5) of the Internal Revenue Code of 1939 [1] permits

---

[1] SEC. 22. GROSS INCOME.

(b) Exclusions from Gross Income.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * * *

(5) Compensation for injuries or sickness.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, * * * amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;

the exclusion from gross taxable income of pay allowances to members of the armed services where such allowances are based upon sickness or personal injuries arising from active service in the armed services. No provision is made for the exclusion of allowances to such members where the allowance is based upon length of service. There is no claim here but that petitioner's allowance is and always has been computed at 2½ per cent times his 30 years of service times the pay of a commander, the rank held by him at retirement and also the rank held by him upon his recall to active service.

Nor is there any dispute that he was placed upon the retired list and paid an allowance under the Act of March 3, 1931, 46 Stat. 1483, for reasons other than physical disability. The record does not disclose that his retirement status has been altered in any way since its genesis June 30, 1931. That he may or may not actually be entitled to now be retired for physical disability and to receive an allowance based thereon is not material here and that issue is not before us. We must view the situation as it is. It necessarily follows from the foregoing that petitioner's retired pay allowances for the years here at issue are not excludible from gross taxable income under section 22 (b) (5). *Marshall Sherman Scarce*, 17 T. C. 830; *Joseph B. Simms*, 17 T. C. 1, affd. 196 F. 2d 238; and *Elmer D. Pangburn*, 13 T. C. 169.

In making our decision herein we are not unmindful of *Prince* v. *United States*, (Ct. Cl., 1954) 119 F. Supp. 238, wherein the Court of Claims on facts similar to but distinguishable from the facts with which we are here concerned held retired pay allowances exempt from Federal taxation under section 22 (b) (5). The crucial factual distinction is that in *Prince* the taxpayer, although retired for age and thereafter recalled to active duty in the armed services, did appear before the appropriate retirement board, which board made a finding that he (Prince) could have been originally retired for disability. In the instant case, petitioner did not appear before the retirement board and at the time of his original retirement obviously was not entitled to a disability retirement. Whether or not the factual differences noted constitute a distinction we respectfully decline to follow the Court of Claims in *Prince* and adhere to the principles enunciated in *Marshall Sherman Scarce*, *Joseph B. Simms*, and *Elmer D. Pangburn, supra.*

*Decisions will be entered under Rule 50.*