OPINION. Van Fossan, Judge: The question to be determined is whether the retirement pay received by petitioner in 1944 and 1945 is exempt from income taxation under section 22 (b) (5) of the Internal Revenue Code.[2] The petitioner states that under Army regulations he was entitled to request retirement for physical disability and that he would have requested retirement for physical disability if the Revenue Act of 1942 had been enacted at the time of his retirement. He contends that it was the intent of Congress, by the enactment of section 113, to exempt from taxation retirement pay of all persons disabled in military service. The part of section 22 (b) (5) upon which petitioner relies, i. e.: * * * and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country; * * * was added to that section by section 113 of the Revenue Act of 1942, approved October 21, 1942. The petitioner did not receive his retirement pay for personal injuries or sickness resulting from active service in the armed forces. The petitioner requested retirement and was retired under section 5 of chapter 422, enacted July 31, 1935, as amended, permitting any officer on the active li-* of the Regular Army, having completed not less than 15 nor more man 29 years of service, to retire upon his own application. His retirement pay, therefore, was received by petitioner as compensation for length of service. The fact that medical officers reported him permanently incapacitated for active service is not determinative. The retirement pay must be received as compensation for such physical disability. “Exemptions from taxation do not rest upon implication.” United States Trust Co. of New York v. Helvering, 307 U. S. 57. It is to be noted that the Finance Officer, U. S. Army, withheld from petitioner’s retirement pay $204 in 1944 and $470.40 in 1945. Moreover, the intent of Congress is clearly made manifest in Senate Report No. 1631, 77th Cong., 2d sess. (1942 — 2 C. B. 504, 563-4)[3] by the statement therein that the “amendment does not apply to retirement pay not constituting amounts paid on account of personal injuries or sickness.” Although petitioner was informed by medical officers that it was certain that he would be retired for physical disability after his next annual physical examination to be made in about two months, he chose to retire voluntarily and made his request for retirement for length of service. Since the retirement pay received by petitioner in 1944 and 1945 did not constitute amounts paid on account of personal injuries or sickness, the action of the respondent in including one-half of such pay in each of petitioner’s gross income is approved. Decisions will be entered for the respondent. SEC. 22. GROSS INCOME. *•**••• (b) Exclusions from Gross Income. — The following items shall not bo included in gross income and shall be exempt from taxation under this chapter: [[Image here]] (5) Compensation for injuries or sickness. — * * *, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forceB of any country. Section 113. Exclusion of Pensions, Annuities, Etc., for Disability Resulting from Military Service. This section, which was not included in the House bill, amends section 22 (b) (5) to exclude from gross income amounts received as a pension, annunity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country. Although the amendment does not apply to retirement pay not constituting amounts paid on account of personal injuries or sickness, it is not intended to restrict any exemption now provided by any other Act such as the Act approved August 12, 1935 (49 Stat.. 607), entitled “An Act to safeguard the estates of veterans derived from payments of pension, compensation, emergency officers' retirement pay and insurance, and for other purposes.” [Emphasis supplied.)