PAUL AND ALICE J. SIDORAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sidoran v. Commissioner
Docket No. 5912-77.
United States Tax Court
T.C. Memo 1979-56; 1979 Tax Ct. Memo LEXIS 469; 38 T.C.M. (CCH) 226; T.C.M. (RIA) 79056; February 15, 1979, Filed *469 Taxpayer was retired from the armed services for length of service. Held, amounts received as Air Force retirement do not represent disability retirement excludable from gross income under sec. 104(a)(4). Held further, neither do such amounts represent payments received under a wage continuation plan excludable from gross income under sec. 105(d). Paul Sidoran, pro se. Michael R. McMahon, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on April 6, 1977, issued a statutory notice in which he determined deficiencies in petitioners' Federal income taxes for their calendar years 1974 and 1975 in the amounts of $ 1,257.62 and $ 2,988.83, respectively. The following issues have been presented for our determination: (1) whether amounts received by petitioners as Air Force retirement in 1974 and 1975 represent disability retirement excludable from gross income under provisions of section 104(a)(4), I.R.C. 1954, and (2) whether $ 5,200 of the amounts received as Air Force retirement in 1975 represents payments received under a wage continuation plan excludable from gross income under the provisions of section 105(d). [1]
FINDINGS OF FACT Some of the facts *471 have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Paul and Alice J. Sidoran, husband and wife, resided in Tacoma, Washington at the time of filing their petition herein. They filed joint Federal income tax returns for their taxable years 1974 and 1975 with the internal revenue service center, Ogden, Utah. Alice J. Sidoran is a party to this action only because she joined in the filing of these returns and, accordingly, Paul Sidoran will hereinafter be referred to as petitioner. On December 15, 1970 petitioner was discharged from active duty with the United States Air Force. The report of discharge reflected a date of entry of September 28, 1959, an effective date of December 15, 1970 and the following statement of service: Years
Months
Days
a. Creditable for Basic Pay Purposes
(1) Net Service this Period
11
2
18
(2) Other Service
9
8
4
(3) Total
20
10
22
b. Total Active Service
17
6
20
c. Foreign and/or Sea Service
1
7
21 Petitioner reenlisted on February 1, 1971. On August 1, 1972 a retirement *472 physical examination was conducted. The medical report of that examination states that the examine is qualified for retirement type I/world wide duty. It bears the stamp: Surgeon General, USAF, Washington, D.C. Nov. 14, 1972, Approved for Retirement Superimposed over this stamp is a "void" stamp. On November 28, 1972 and January 24, 1973 additional physical examinations were conducted. The report of the former examination recommends that petitioner "be presented to both a Medical Evaluation Board and a Physical Evaluation Board * * *" but makes no reference to his qualification for continued active service or retirement. The latter examination reflects the following findings by the Board: (1) petitioner's defects would not interfere with world-wide service, (2) petitioner is competent, and (3) petitioner should be retained in service. The Board recommended that petitioner be returned to duty. This report further reflects approval of such recommendations by a three-man medical team. The narrative summary attached to this report states that the problems diagnosed therein do not impair military duty. Petitioner was relieved from active duty with the United States Air Force on *473 March 31, 1973 with retirement effective April 1, 1973. His retirement was for length of service pursuant to 10 U.S.C. sec. 8911. [2] The report of discharge contains the following statement of service: Years
Months
Days
a. Creditable for Basic Pay Purposes
(1) Net Service this Period
2
0
0
(2) Other Service
21
2
7
(3) Total
23
2
7
b. Total Active Service
23
0
23
c. Foreign and/or Sea Service
0
0
0
The statement of service on the retirement order is as follows: Years
Months
Days
Service for Basic Pay
23
2
7
Active Service for Retirement
23
0
23
Service Per 10 USC 1405
23
0
24
Petitioner received the following explanation of his retirement status in a letter dated February 23, 1973 from *474 the Chief of Physical Standards, Office of the Surgeon, Department of the Air Force: Receipt of your February 7, 1973 letter is acknowledged. Your retirement physical examination and Medical Board report have been reviewed. The Surgeon, Air Force Military Personnel Center, concurs with the Medical Board and has approved the examination for length of service retirement. Although there is no question concerning the existence of your defects, they are not of such a nature as to permit a finding of disqualification for duty at this time. The examination does not reveal deficiencies which would warrant further evaluation. Processing a case for disability retirement requires the existence of physical defects of sufficient degree to preclude satisfactory performance of duty of one's office and grade in such a manner as to reasonably fulfill the purpose of his employment on active duty. This requirement is established by DOD Directive 1332.18 and AFM 35-4. These directives implement the public law (USC 10, Chapter 61) pertaining to disability retirement/separation. The intent of this law is to remove from active duty those who are physically unable to continue their term of service *475 or service career and to provide benefits only to those whose service was in fact terminated because of physical unfitness. Your service is being terminated by reason of voluntary service retirement. The Armed Forces cannot use this law to bestow tax benefits on those who have continued to draw pay and allowances, received promotions, and remain on active duty to attain desired or maximal longevity benefits while tolerating physical problems that have not actually interfered with the purpose of their employment on active duty. You may, however, be entitled to disability compensation benefits for service connected defects under a different public law (Title 38 USC), which is administered by the Veterans Administration. It is the intent of this law to compensate a member for any impairment he may have as a result of these defects for disability benefits, considers only the ratable percentage and service connection of the defect and not the member's physical qualifications for active duty. Thus, it is often the case that members with nondisqualifying medical defects are entitled to benefits from the Veterans Administration for the same defects.
On June 8, 1973 petitioner was examined *476 by the Veterans Administration (hereinafter V.A.) and awarded a 40 percent disability effective April 1, 1973. He elected not to receive V.A. compensation. Petitioner appealed to the Air Force Board for the Correction of Military Records with respect to his objection to the Air Force's characterization of his retirement. The Board denied his appeal. Petitioner received $ 6,016.98 from Air Force retirement in 1974. On his return for that year he claimed an exclusion of 40 percent of $ 1,407.30, base pay, multiplied by 12 months or $ 6,755.04, with the following explanation: I was retired from active military service on April 1, 1973 because of a cronic obstructive pulmonary disease and recurrent pylorospasms. [sic] Total active service was 19 years, 7 months, 19 days. I elected to be retired for years of service because reserve service was included in the years of service for pay purposes making me eligible for 57-1/2 percent of my base pay of $ 1,407.30, or $ 809.20. The annual amount was increased with the cost of living index and now is $ 1,008.39 less SBA of $ 78.38 beginning January 1, 1975. [Emphasis added.] In 1975 he received $ 11,396.47 from Air Force *477 retirement reported as follows: Sick-Pay Exclusion in lieu of Form 2440 Total retired pay received from military
$ 11,396.47
Less: Amount excludable as disability retired
pay (40% of $ 16,887.60)
$ 6,755.04
Amount excludable as sick-pay
5,200.00
$ 11,955.04
Net disability and sick-pay exclusion
$ 11,955.04
Net taxable retired pay
0
I was retired from active military service on April 1, 1973. I served 19 yrs., 7 months and 19 days. I waived my VA disability and elected to retire for years of service because my reserve time was included in the percentage of pay factor. I was to receive 57-1/2% of my monthly base pay which was $ 1,407.30 per mo. The total pension is periodically adjusted by the cost of living index. My medical diagnosis is CHRONIC PULMONARY DISEASE AND RECURRENT PLUROSPASMS. [sic] [Emphasis added.] Respondent determined that these exclusions should be disallowed. Due to the resultant increase in income he correspondingly decreased petitioner's medical deduction for 1975. OPINION Issue 1. Section 104(a)(4) Exemption
Section 104(a)(4)[3] excepts from gross income "amounts received as a pension, annuity, or similar *478 allowance for personal injuries or sickness resulting from active service in the armed services * * *." Petitioner claims that a portion of the amounts he received as Air Force retirement in 1974 and 1975 is excludable under this section. We do not agree. Petitioner contends that the Air Force improperly found that he was qualified for normal retirement. In support thereof he argues, first, that he was incapacitated and, second, that he had not fulfilled the 20 year active service requirement. Petitioner bases his first argument on the voided August 1, 1972 medical report which found him qualified for "RETIREMENT TYPE I/world wide duty" and the finding by the V.A. that he was 40 percent disabled. He expects us to infer from the medical report categorization that Type I/world *479 wide duty is disability retirement. No explanation of such categorization is before us on the record. The medical report of January 24, 1973 found petitioner capable of returning to world-wide service. Unlike the taxpayer in Pangburn v. Commissioner,13 T.C. 169 (1949) and cases emanating therefrom, petitioner has submitted no evidence that he was permanently incapacitated for active service. Mere implications will not support an exemption from taxation. United States v. Stewart,311 U.S. 60, 71 (1940). The burden is on the taxpayer to establish affirmatively that the compensation received was for a disability incurred due to his active service in the armed forces. Scarce v. Commissioner,17 T.C. 830, 833 (1951). [4]
A finding by the V.A. that petitioner was 40 percent disabled is not determinative of the issue herein. As explained in the letter of February 23, 1973 a disability retirement and V.A. disability compensation are based on different criteria. *480 Williams v. United States,405 F.2d 890, 891 (Ct. Cl. 1969), cert. den. 396 U.S. 966 (1969). The existence of an impairment resulting from active service may be distinguished from an incapacitating disability which precludes satisfactory performance of duty. Lambert v. Commissioner,49 T.C. 57, 60 (1967). The facts herein are squarely in line with the facts of Lambert. In Lambert the taxpayer voluntarily retired from the U.S. Army under 10 U.S.C. 3911, the Army retirement statute which parallels 10 U.S.C. 8911. His retirement was based on length of service. Pursuant to his retirement the taxpayer there involved underwent a required medical examination which listed defects but found that he qualified for retirement. The V.A. subsequently found the retiree to be 30 percent disabled. The taxpayer then attempted to exclude 30 percent of his active duty pay less compensation received from the V.A. under section 104(a)(4). We found the amounts excluded, other than the V.A. disability allowance, should have been included in gross income. The only distinction between that case and the *481 facts herein is that petitioner herein waived the V.A. allowance.
With respect to petitioner's second argument, there does appear to be some confusion over petitioner's total amount of active service. The report of discharge effective December 15, 1970 computed a total of 17 years, 6 months and 20 days of active service. Petitioner reenlisted on February 1, 1971 and was retired effective April 1, 1973 pursuant to a report of discharge and retirement order, both of which reflect a total active service of 23 years and 23 days. Petitioner claims the former calculation is correct and the latter incorrect. However, we have no evidence on the record which either supports petitioner's contention or from which we could independently calculate his total active service. We find for respondent on this issue. Issue 2. Section 105(d) Exclusion
Section 105(d)(1) exempts from gross income amounts received by an employee through accident or health insurance for personal injuries or sickness: [If] such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall *482 not apply to the extent that such amounts exceed a weekly rate of$ 100. Petitioner's attempt to exclude monies received from Air Force retirement under this section is without merit.The amounts paid to petitioner after retirement were for statutory retirement under section 10 U.S.C. 8911, formulated on his prior service. The payments petitioner received were neither paid in lieu of wages nor for a period during which personal injuries or sickness caused his absence from work. Cleary v. Commissioner,60 T.C. 133, 140 (1973). In Freeman v. United States,265 F.2d 66, 71 (9th Cir. 1959) the Ninth Circuit extended application of this exclusion to a serviceman whose retirement was caused by physical disability incurred during active service. However, petitioner herein has failed to prove that his retirement was caused by physical disability. We hold for respondent on this issue. Decision will be entered for the Respondent. Footnotes
1. Petitioner failed to brief us on this issue. However, we have duly considered it because he claimed an exclusion under sec. 105(d) on his 1975 return, placed the exclusion in issue in his petition and made references thereto in his opening remarks.↩
2. Section 8911↩. Twenty years or more--Regular or reserve commissioned officers.--The Secretary of the Air Force may upon the officer's request, retire a regular or reserve commissioned officer of the Air Force who has at least 20 years of service computed under section 8926 of this title, at least 10 years of which have been active service as a commissioned officer.
3. SEC. 104(a). In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include-- (4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country * * *.↩
4. Because petitioner has failed to present evidence to the effect that he had an incapacitating disability, we find his equal protection argument to be wholly without merit.↩