WILLIAM AND ERNA HOWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howell v. Commissioner
Docket No. 6746-79.
United States Tax Court
T.C. Memo 1981-631; 1981 Tax Ct. Memo LEXIS 109; 42 T.C.M. (CCH) 1564; T.C.M. (RIA) 81631; October 27, 1981. *109 Held: 1. Wages received by William and Erna Howell in 1976 and by Erna Howell in 1977 and military retirement pay received by William Howell in 1976 and 1977 are includable in petitioners' taxable income and subject to Federal income tax. 2. The Form 1040s filed by petitioners for both 1976 and 1977 on which they checked the box for "married filing joint return" but entered no amounts for income or deductions in reliance on various constitutional grounds did not constitute income tax returns within the meaning of secs. 1(a), 6012 and 6013, I.R.C. 1954; hence petitioners are not entitled to have their tax liability computed under the rates applicable to married individuals filing joint returns. 3. Petitioners are liable for additions to tax under sec. 6651(a)(1) for failure to file timely returns. 4. Petitioners are liable for additions to tax under sec. 6653(a) for negligent or intentional disregard of rules and regulations. William Howell, pro se. Ronald J. Gardner, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: William Howell: Taxable Year
Additions to Tax
ending Dec. 31,
Deficiency
sec. 6651(a)(1) [1] *110 Sec. 6653(a)
1976
$ 1,302
$ 326
$ 91
1977
493
123
36
Erna Howell: Taxable Year
Additions to Tax
ending Dec. 31,
Deficiency
sec. 6651(a)(1)
sec. 6653(a)
1976
$ 231
$ 58
$ 45
1977
806
202
49
After concessions by respondent, [2] the issues remaining for decision are: (1) Whether amounts received by petitioners in the way of wages and retirement pay during the taxable years 1976 and 1977 are constitutionally subject to Federal income tax; (2) if so, whether wages received by petitioner William Howell for the taxable year 1976 are excludable from gross income pursuant to section 911(a); (3) whether military retirement payments received during 1976 and 1977 by petitioner William Howell are includable in gross income; (4) whether wages received by petitioner Erna Howell during 1976 and 1977 are includable in gross income; (5) whether petitioners are entitled to have their income tax liability computed by using the tax rates applicable to married individuals filing jointly; (6) whether petitioners are liable for additions to tax imposed under section 6651(a)(1) for both of the taxable years in issue for failure to file a timely income tax return; *111 and (7) whether petitioners are liable for additions to tax imposed under section 6653(a) for both of the taxable years in issue for negligence or intentional disregard of the rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners William Howell and Erna Howell, husband and wife (hereinafter sometimes referred to collectively as petitioners), resided in Peyton, Colo., at the time of filing the petition herein. For each of the taxable years in issue, they filed a Form 1040 with the Internal Revenue Service, Ogden, Utah. Thereon, petitioners elected to be taxed at rates applicable to married individuals filing a joint return. The Form 1040 filed by petitioners for each year in issue contained a double asterisk in each space in which an income figure was to be reported. [3] *112 On the form filed for the taxable year 1976, the double asterisk indicated that-- specific objection is made under the 5th Amendment, U.S. Constitution, as to the question as to Federal Reserve Notes, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments. On the form filed for the taxable year 1977, the double asterisk indicated that-- objection is taken to the question on the grounds of the 4th & 5th Amendments of the U.S. Constitution. I state that I have read each and every question prior to answering and I invoke Constitutional protection particularly to each and every question so marked. On the form filed for the taxable year 1976, petitioners stated they were confused as to the meaning of "dollars" and Federal reserve notes. Additionally, on the forms filed for both taxable years 1976 and 1977 petitioners added that they offered to amend or refile the respective "return" if they could be shown how to do so without waiving any of their constitutional rights. [4]
Attached to the form filed for each of the taxable years in issue was an affidavit signed by petitioners *113 and a letter to the "Regional" [District] Director of the Internal Revenue Service, both in support of the constitutional arguments raised on such forms, as well as a copy of both the Declaration of Independence and the U.S. Constitution. Petitioners refused to provide respondent with any records pertaining to their tax liability. Respondent determined their respective tax liability for each year in issue by obtaining W-2 forms from their respective employers. Throughout the taxable years in issue, petitioner Erna Howell (hereinafter Erna) was employed by White Automotive Corp. She received wages in the amount of $ 7,313.61 and $ 7,820.96 for 1976 and 1977, respectively. From these amounts, $ 672.04 was withheld as Federal income tax during 1976 and $ 174.23 during 1977. [5]
In August of 1976, petitioner William Howell (hereinafter Howell) was hired as a power utility mechanic by Felec Services, Inc. (FSI), a domestic corporation. FSI had assigned him to work at one of their dye plants *114 in Greenland from August 24, 1976, to September 30, 1978. Howell arrived in Greenland August 24, 1976, where he remained until January 8, 1977, at which time he returned home for a 2-week vacation. On January 29, 1977, the day before he was to return to Greenland, Howell suffered a heart attack. Consequently, he did not return to Greenland nor continue in employment with FSI. Howell had never been to Greenland prior to August 24, 1976, nor did he ever return following his departure on January 8, 1977. For the taxable year 1976, he received wages from FSI in the amount of $ 4,922.53, all of which were earned for services performed while he resided in Greenland. From this amount a total of $ 287.97 was withheld as Federal income tax. For the taxable years 1976 and 1977 Howell received retirement pay from the military in the amount of $ 6,244 and $ 6,645.18, respectively. From these amounts, $ 524.56 was withheld as Federal income tax during 1976 and $ 222.94 during 1977. On April 4, 1979, respondent mailed individual notices of deficiency to each petitioner for the taxable years 1976 and 1977. In each notice of deficiency, respondent determined that the wages received by petitioners *115 during the taxable years in issue were taxable income, as were the military retirement payments received by Howell during such years. [6] He further determined that for both of the taxable years in issue each petitioner was liable for additions to tax for failure to file a timely return as well as for negligence or intentional disregard of the rules and regulations. Each deficiency was calculated based on rates applicable to married persons filing separate returns. OPINION The first issue for decision is whether amounts received by petitioners in 1976 and 1977 as wages and retirement pay are constitutionally subject to the Federal income tax. Although petitioners' argument has been somewhat difficult to follow, as best we can tell, it is that the Sixteenth Amendment is "null and void" because it is an "Ex Post Facto Law," and that alternatively, compensation from services does not constitute "income." [7] *116 The constitutionality of the income tax under the Sixteenth Amendment was upheld by the Supreme Court in Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 18 (1916), and has been sustained by this and other courts on numerous occasions. See Cupp v. Commissioner, 65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Petitioners' claim that the Sixteenth Amendment is "null and void" is both frivolous and meritless. It is unnecessary to say more. Petitioners' contention that compensation for services does not constitute "income" and therefore is not subject to the Federal income tax is equally frivolous and meritless. Suffice it to say that section 61(a) specifically provides that "gross income means all income from whatever source derived including but not limited to * * * compensation for services." Moreover, the courts have repeatedly held that compensation in whatever form, including wages for services, [8] *117 constitutes taxable income. Commissioner v. Duberstein, 363 U.S. 278 (1960); O'Malley v. Woodrough, 307 U.S. 277 (1939); Brushaber v. Union Pacific Railroad Co., supra.
The next issue for determination is whether wages received by Howell during the taxable year 1976 from FSI are excludable from gross income pursuant to section 911(a). Howell maintains that because the income was earned for service performed outside the United States, it is outside the taxing "jurisdiction of the United States." Respondent asserts that Howell has not met the requirements of section 911(a) and therefore the wages received from FSI are fully includable in gross income. Generally, income earned by United States citizens and residents is subject to Federal tax regardless of where such income was earned. However, section 911(a) [9] *119 provides an exception to this rule as to income earned in a foreign country if either the foreign-residence test of section 911(a)(1) or the physical-presence test of section 911(a)(2) is satisfied. The burden of proof with respect to this issue *118 is on petitioners. Rule 142(a). [10] In addition to its other requirements, the foreign-residence test requires that the individual have been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year. Sec. 911(a)(1). In the instant case, the only evidence presented by petitioners in this regard was that Howell resided in Greenland from August 24, 1976, to January 8, 1977. He had never been to Greenland prior to or since that time. Based on these facts alone, petitioners have not satisfied their burden of proof, and respondent's contention that Howell has not met the requirements of the foreign residence test is sustained. The physical-presence test requires that the individual be physically present in a foreign country or countries for at least 510 full (24-hour) days of any 18 consecutive months. Sec. 911(a)(2). In the instant case, we only know that Howell was in Greenland *120 between August 24, 1976, and January 8, 1977, (136 full days) which on the face of it falls far short of the required 510 days. Thus, petitioners have again failed to satisfy their burden of proof, and respondent's determination with respect to the FSI wages must be sustained. The next issue for decision is whether amounts received by Howell during the taxable years 1976 and 1977 as military retirement pay are includable in gross income. Petitioners argue that such payments were not in respect of services performed by Howell during the taxable years in issue, and therefore do not constitute taxable income. Additionally, on brief, petitioners, in a most confusing argument, apparently contend that the payments were in essence annuity proceeds received pursuant to contract between Howell and the United States Government, and that such proceeds constituted a gift to Howell. [11]
Petitioners have the burden of proving that these payments are not includable in gross income. Rule 142(a). Generally speaking, retirement payments to employees are included in gross *121 income unless otherwise excluded by law. Sec. 1.61-2(a)(1), Income Tax Regs. Moreover, whether payments received constitute gifts which are excludable from gross income pursuant to section 102, depends in part on whether they proceed from a "detached and disinterested generosity" on the part of the payor. Commissioner v. Duberstein, supra at 285. In the instant case petitioners have presented no evidence to support the contention that the retirement payments herein were a gift from the Federal Government and we think it highly unlikely that such would be the case. Indeed, the fact that Federal income tax was withheld from such payments belies petitioners' argument that they were gifts and supports respondent's argument that they constituted wages subject to income tax. See, generally, sec. 3402. Furthermore, petitioners have not shown that the retirement payments are otherwise excluded by law. The mere fact that they were received sometime after performance of the services in respect of such payments is not enough to exclude them from gross income and indeed, is the very nature of retirement payments. See Simms v. Commissioner, 17 T.C. 1 (1951); Scarce v. Commissioner, 17 T.C. 830 (1951); *122 Pangburn v. Commissioner, 13 T.C. 169 (1949). In view of the above, respondent's determination with respect to the military retirement payments must be sustained. The next issue for determination is whether wages received by Erna during the taxable years 1976 and 1977 are includable in gross income. Petitioners presented no evidence at trial nor made any arguments on brief supporting the exclusion of such wages. Accordingly, respondent's determination with respect to such wages is sustained. Having determined the wages and military retirement payments received by petitioners during the taxable years 1976 and 1977 are includable in gross income for such years, we now determine whether petitioners are entitled to have their income tax liability for such years computed by using the tax rates applicable to married individuals filing jointly. These tax rates are provided by section 1(a), which provides in part: (a) Married Individuals Filing Joint Returns and Surviving Spouses.--There is hereby imposed on the taxable income of-- (1) every married individual who makes a single return jointly with his spouse under section 6013, * * * a tax determined in accordance with the following table: *123 It is clear that to qualify for the rates provided by this section a joint return must have been filed, and indeed this is the only method by which one may qualify for such rates. [12]Durovic v. Commissioner, 54 T.C. 1364, 1401-2 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973), cert. den. 417 U.S. 919 (1974); Dritz v. Commissioner, T.C. Memo. 1969-175, affd. 427 F.2d 1176 (5th Cir. 1970). It is well established that a Form 1040 which discloses no information relating to a taxpayer's income does not constitute a return within the meaning of section 6012. Hatfield v. Commissioner, 68 T.C. 895 (1977); Cupp v. Commissioner, supra; Porth v. United States, 426 F.2d 519 (10th Cir. 1970). Thus the forms filed by petitioners for the years in issue did not constitute returns and they are therefore not entitled to the benefits of a joint return election under section 6013(a). [13] Respondent's authority to compute tax using joint rates under section 1(a) is limited to circumstances where a joint return has been filed, Dritz v. Commissioner, supra, and as no return was filed he correctly made *124 an election for petitioners to be taxed at rates applying to married individuals filing separately, which election may not now be altered. Durovic v. Commissioner, 54 T.C. 1364, 1402 (1970), affd. in part and revd. in part on another issue 487 F.2d 36 (7th Cir. 1973). Respondent's determination of deficiency with respect to each petitioner is sustained. The next issue for decision is whether for the taxable years 1976 and 1977 petitioners are liable for additions to tax under section 6651(a)(1) for failure to file timely returns. Petitioners argue that by filing a Form 1040 they have filed a return and are therefore not liable for such additions to tax. However, as we have stated herein, since the Form 1040 filed by petitioners for both years in issue disclosed no information relating to their income for such years, they did not constitute returns within the meaning of section 6012. Therefore, unless petitioners could not have determined by the exercise of ordinary prudence that they were required to file returns for the years in issue, *125 respondent's determination must be sustained. See BJR Corporation v. Commissioner, 67 T.C. 111, 131 (1976). In their petition, petitioners asserted that "there is a criminal investigation against this petitioner and the respondent will use this determination of tax liability in a criminal prosecution of the petitioner." However, petitioners presented no evidence that a criminal case was pending or contemplated in regard to petitioners' Federal tax liability. Nor were there any facts indicating that petitioners were being investigated or prosecuted for any crimes. Since the burden of proof with respect to this issue is on petitioners, Rule 142(a), and as they have come forth with no evidence, respondent's determination must be sustained. The next issue for determination is whether for the taxable years 1976 and 1977 petitioners are liable for additions to tax under section 6653(a) for negligent or intentional disregard of the rules and regulations. Petitioners presented no evidence that respondent's determination of such additions to tax were erroneous, other than statements on each Form 1040 filed for each of the years in issue indicating a willingness on their part to amend or *126 refile such forms if they could be shown how to do so without violating their constitutional rights. Clearly, the Form 1040 filed for the taxable years 1976 and 1977 did not comply with the rules and regulations with respect to the filing of returns. Moreover, we have no doubt that by the exercise of ordinary prudence, petitioners could have determined that the constitutional arguments on which they relied had no basis and would not relieve them of the obligation to file a completed return. Furthermore, at least with respect to Erna, [14] *127 placing a double asterisk in each space provided for the reporting of income, rather than reporting the wages earned, constituted intentional disregard of the rules and regulations. Petitioners' willingness to correct what was otherwise a negligent or intentional act, does not alone excuse such act. Accordingly, respondent's determination of additions to tax pursuant to section 6653(a) is sustained. Because of respondent's concessions Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.
2. Respondent conceded that William Howell is entitled to a dependency exemption for a minor daughter for both 1976 and 1977.↩
3. On the form filed for 1976, line 16b (credit for personal exemptions) showed an amount of $ 90.
4. At no time was an amended Form 1040 filed for either of the taxable years in issue.↩
5. Petitioners do not contend that Erna's wages are exempt under a section of the Internal Revenue Code, but rather rely on constitutional arguments, infra↩, that they need not pay tax on such wages.
6. The deficiency determined with respect to each petitioner was calculated by determining the tax liability of each petitioner on the respective income each received during the taxable years in issue, and then subtracting the amounts previously withheld from such income.↩
7. Neither in their petition, at trial or on brief did petitioners make any of the constitutional arguments relied on when filing the Form 1040 for both years in issue. We assume petitioners realized the frivolousness of such claims and therefore abandoned them.
8. See Funk v. Commissioner, T.C. Memo. 1981-506; Hanson v. Commissioner, T.C. Memo. 1980-197; Wangrud v. Commissioner, T.C. Memo. 1980-162↩.
9. SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule.--The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona Fide Resident of Foreign County.--In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c). (2) Presence in Foreign Country for 17 Months.--In the case of an individual citizen of the United States who during any period of 18 consecutive months is present in a foreign country or countries during at least 510 full days in such period, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such 18-month period. * * * 10. Unless otherwise provided, all references to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
11. Petitioners do not claim, and have produced no evidence to prove, that petitioner was retired from the military for disability.↩
12. See Walker v. Commissioner, T.C. Memo. 1980-146; Anderson v. Commissioner, T.C.Memo. 1973-155↩.
13. At no time have petitioners filed an amended Form 1040 for the taxable years in issue and the potential application of sec. 6013(b) is precluded.↩
14. Had Howell's wages and military retirement pay been reported on the returns but excluded from taxable income by reliance on specific provisions of the Internal Revenue Code, we might have been more reluctant to apply this penalty to him unless it was clear that his claims for exclusion were spurious. But the Form 1040s as filed by petitioners and petitioners' arguments in their petition and on brief belie any claim that Howell did not report his wages and retirement pay because he thought they were excludable under any specific provision of the Internal Revenue Code; rather, they indicate that the wages and retirement pay were not reported because of the various constitutional arguments discussed above, all of which are meritless and frivolous. Furthermore, the amounts were nowhere shown on the returns.