JOSEPH B. SIMMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23728. Promulgated July 9, 1951.

*Marcus Borchardt, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

1

OPINION.

LEECH, *Judge:* The question presented is whether the retirement pay received by petitioner in the taxable year 1945 is exempt from income taxation under section 22 (b) (5) of the Internal Revenue Code.[1]

The respondent has determined that the retirement pay which petitioner received in the taxable year is taxable, since he was discharged for age.

The record establishes that the Board of Commissioners of the District of Columbia issued an order retiring petitioner as a member of the Fire Department for having reached or passed the age of 64 years, effective as of February 28, 1942, and granted him relief in the amount of $187.50 per month, payable from the Policemen's and Firemen's Relief Fund.

Petitioner contends that the foregoing order was arbitrary and void because he was involuntarily retired and certain procedural steps were not followed. Petitioner testified that he was suffering from physical disability incurred in the line of duty, that he did not make application for retirement. On April 20, 1948, the Board of Commissioners issued an order to the effect that at the time of petitioner's retirement he was suffering from physical disability incurred in the line of duty to such extent that if he had not been retired for age, he would have

---

[1] SEC. 22. GROSS INCOME.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(5) COMPENSATION FOR INJURIES OR SICKNESS.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;

been retired for physical disability incurred in the line of active Fire Department duty. Such order, we think, further confirms the fact that petitioner was originally retired solely for age.

The statute empowers the Board of Commissioners of the District of Columbia to retire members of the Police or Fire Departments. It prescribes the conditions under which the members may be retired for disability and for age and length of service. See D. C. Code 1940, Title 4, Chapter 5, sections 501–517. Section 507 provides that where a member reaches the age of 60 years his retirement is in the discretion of the Commissioners. Petitioner, on brief, concedes that at the time of his retirement he was past the age of 65 years. The Commissioners of the District, vested by law with the discretion to retire petitioner for age, have exercised that discretion. This Court has no power to re-try the facts or establish a conclusion different from that reached by the Board of Commissioners. Cf. the following: *Randolph* v. *United States*, 6 F. 2d 487, certiorari denied 269 U. S. 559; *Frank A. Gray*, 16 T. C. 262; see also Public Administrative Law, 42 Am. Jur. § 155; Mandamus, 18 R. C. L. § 38.

The order of the District Commissioners retiring petitioner for age is, therefore, binding upon us. Since petitioner was retired solely on account of age, the relief payments made pursuant to such order did not constitute compensation for injuries or sickness, exempt from tax under the provisions of section 22 (b) (5) of the code. Cf. the following: *Elmer D. Pangburn*, 13 T. C. 169; *Waller* v. *United States*, 180 F. 2d 194; *Frye et al.* v. *United States*, 72 F. Supp. 405.

The respondent's determination is sustained.

*Decision will be entered for the respondent.*