MARSHALL SHERMAN SCARCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22195, 22196, 22197. Promulgated November 27, 1951.

*Charles L. Claunch, Esq.*, for the petitioner.
*William W. Oliver, Esq.*, for the respondent.

832

## OPINION.

LEECH, *Judge:* The question is whether the respective amounts which petitioner received in the pertinent taxable years as pay allowances from the Navy are exempt from tax under section 22 (b) (5) of the Internal Revenue Code.[1] Exemptions from taxation do not rest on implication. *United States* v. *Stewart*, 311 U. S. 60. Hence petitioner must affirmatively establish that the amounts in question were received as compensation for disability resulting from active service in the armed forces.

The record shows that on January 1, 1941, petitioner, having served for 30 years in the United States Navy, was retired and placed on the inactive list. Thereafter he received the pay allowance to which he was entitled under the applicable statutes. Having been retired to the inactive list, he was subject to recall. On June 9, 1941, he was recalled to active service. On August 6, 1941, he appeared before the Board of Medical Survey. On August 26, 1941, petitioner was ordered released from active duty as "not physically qualified for mobilization ashore." The order of August 26, 1941, states: "Your pay accounts are being transferred to the Retainer Pay Division, Bureau of Supplies and Accounts, Navy Department, Washington, D. C., from which office your retired pay will be forwarded to you by check." Thereafter petitioner received the same pay allowance he had received while on the inactive list prior to his recall on June 9, 1941. We think the order of August 26, 1941, makes it clear that the pay allowances petitioner received in the taxable years involved constitute retirement pay based on petitioner's length of service. The fact that the medical officers reported him not physically qualified for active duty is not determinative. *Elmer D. Pangburn*, 13 T. C. 169.

We are unable to find in this record evidence to persuade us that such payments were made on account of personal injuries or sickness resulting from active service in the armed forces, so as to entitle petitioner to exemption from tax under section 22 (b) (5) of the Code. Retirement pay for length of service is not exempt from taxation. *Elmer D. Pangburn, supra; Joseph B. Simms,* 17 T. C. 1 (on appeal to C. A. D. C.).

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \* \*

(5) COMPENSATION FOR INJURIES OR SICKNESS.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;

The respondent's action in including in gross income the amounts received by petitioner in the respective taxable years is approved.

*Decisions will be entered for the respondent.*