George V. Walker v. Commissioner.
Walker v. Commissioner
Docket No. 61673.
United States Tax Court
T.C. Memo 1958-66; 1958 Tax Ct. Memo LEXIS 160; 17 T.C.M. (CCH) 320; T.C.M. (RIA) 58066; April 22, 1958
George V. Walker, 740 Glenside Circle, Lafayette, Calif., pro se. Edward H. Boyle, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of petitioner for the taxable year 1954 in the amount of $236.74. The sole issue is whether petitioner, a retired Navy officer, may exclude from gross income 20 per cent of his retirement pay based on length of service under section 104(a)(4) of the 1954 Code. Findings of Fact Most of *161 the facts have been stipulated and are found accordingly. Petitioner and his wife, Dorothy E. Walker, reside at 740 Glenside Circle, Lafayette, California. They filed a joint return on the cash basis for 1954 with the district director of internal revenue in San Francisco, California. Only the petitioner filed a petition for review. Immediately prior to September 15, 1953, petitioner was a captain in the U.S. Naval Reserve with over 20 years' active duty. On September 15, 1953, the Navy ordered petitioner to inactive duty. Thereafter, petitioner requested retirement with pay based on length of service. His request was granted effective February 1, 1954, and petitioner was retired as physically fit and with pay based on length of service. On February 18, 1954, petitioner filed a claim, No. C-1803-03-90, with the Veterans Administration for a disability rating. Thereafter, petitioner was found by the Veterans Administration to be suffering a 20 per cent disability from phlebitis in both legs. On August 25, 1954, the Veterans Administration awarded petitioner $31.50 per month effective August 1, 1954, based on a 20 per cent disability from phlebitis in both legs which ailment was *162 incurred prior to retirement on February 1, 1954. During the taxable year 1954, petitioner received from the Veterans Administration a total of $162 which he did not report in his income tax return for 1954. Respondent concedes the amount of $162 is not taxable income. In the year 1954 petitioner received from the U.S. Navy the following amounts: Active duty and unused leave
$2,210.70
Retirement pay
4,427.41
The retirement pay of $4,427.41 was $162 less than the sum petitioner would have received if he had not received the sum of $162 from the Veterans Administration. In the joint return filed for 1954, petitioner reduced the Navy retirement pay of $4,427.41 by the sum of $1,305.18, which represents 20 per cent of petitioner's active duty base pay for the period February 1 to December 31, 1954, less $162. In the deficiency notice, the respondent included the amount of $1,305.18 in gross income with the explanation that it was not excludible under section 104(a)(4), I.R.C. of 1954 as an "allowance for personal injuries or sickness resulting from active service in the armed forces." Opinion LEMIRE, Judge: The question presented *163 is whether petitioner is entitled to exempt from income tax under section 104(a)(4) of the 1954 Code, [1] 20 per cent of the retirement pay based on length of service as a Naval officer which he received in 1954. Section 104(a)(4) so far as here pertinent, is identical with section 22(b)(5) of the 1939 Code, which has been construed in a number of cases. Elmer D. Pangburn, 13 T.C. 169; Frederick V. McNair, 26 T.C. 1221, reversed 250 Fed. (2d) 147; Marshall Sherman Scarce, 17 T.C. 830; Joseph B. Simms, 17 T.C. 1, affd. 196 Fed. (2d) 238. See also Prince v. United States, 127 Ct. Cl. 612, 119 Fed. Supp. 42. *164 Exemptions do not rest upon implication. United States v. Stewart, 311 U.S. 60. Petitioner must affirmatively establish that the facts upon which he relies bring him within the statute authorizing the exemption. The facts are not in dispute and we think no purpose would be served by repeating them here. No documentary evidence has been presented in connection with the proceedings taken by the Navy Retirement Board or the Veterans Administration. Petitioner has not referred us to any statutes, and we presume the Board acted pursuant to statutes relating generally to Navy personnel. Petitioner has filed no brief. From his opening statement made at the hearing of this proceeding, petitioner's contention is that he could have been retired for disability if he had not elected to receive retirement pay based on length of service. Presumably by reason of the 20 per cent disability rating made by the Veterans Administration, petitioner has attempted to apply some equitable theory which he desires this Court to adopt. We can only apply the revenue statutes to the specific facts presented. This record shows that, after 20 years of active service, petitioner voluntarily requested *165 to be retired from the Navy with pay based on length of service. Petitioner's request was granted and he was retired as physically fit with pay predicated on his length of service. Such meager facts, in our opinion, bring the instant case within the well established rule that retirement pay based on length of service is not exempt from income tax. Elmer D. Pangburn, supra, Marshall Sherman Scarce, supra and Joseph B. Simms, supra. Although these cases involve section 22(b)(5) of the 1939 Code, since section 104(a)(4) of the 1954 Code, here pertinent, contains the same provision, they are decisive authorities in the instant case. Upon this record, we hold that the Navy retirement pay petitioner received in the taxable year 1954 to the extent in controversy is not exempt from income tax under section 104(a)(4) of the Internal Revenue Code of 1954. Other adjustments are not contested. Decision will be entered for the respondent. Footnotes
1. SEC. 104. - COMPENSATION FOR INJURIES OR SICKNESS. (a) In General. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include - * * *
(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast or Geodetic Survey or the Public Health Service.↩