JOHN J. JOHNSON, JR., and ESTELL C. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 636-75.
United States Tax Court
T.C. Memo 1977-367; 1977 Tax Ct. Memo LEXIS 77; 36 T.C.M. (CCH) 1471; T.C.M. (RIA) 770367; October 17, 1977, Filed *77 P retired from the U.S. Ari Force based upon his length of service. The Veterans' Administration subsequently determined that P was entitled to a 40-percent service-connected disability rating and compensation therefor, but this determination did not result in any change in his Air Force retirement status. Held, no part of the retirement pay received by P from the U.S. Air Force is excludable from gross income under sec. 104(a)(4), I.R.C. 1954. John J. Johnson, Jr., pro se. Frank J. Coyne, for *78 the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $745.27 in the petitioners' Federal income tax for 1973. The sole issue for decision is whether under section 104(a)(4) of the Internal Revenue Code of 1954, [1] the petitioners are entitled to exclude from gross income any portion of Mr. Johnson's Air Force retirement pay. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, John J. Johnson, Jr., and Estell C. Johnson, husband and wife, maintained their legal residence in Silver Spring, Md., at the time of filing their petition in this case. They timely filed a joint Federal income tax return for the calendar year 1973 with the District Director of Internal Revenue, Baltimore, Md. Mr. Johnson will sometimes be referred to as the petitioner. On October 1, 1965, Mr. Johnson retired from the U.S. Air Force after 20 years of active service. As a result of a medical examination *79 performed by Air Force doctors in April 1965, the Air Force determined that Mr. Johnson was physically capable to continue in the active service or to retire with a status of "without disability." Accordingly, he was retired as physically fit with pay based on years of service. Shortly after his retirement, Mr. Johnson submitted a claim to the Veterans' Administration (V.A.) for compensation for service-connected disabilities. The V.A. determined that he was suffering from prostatitis and recurrent lumbosacral strain, each incurred during military service and each rated as 10-percent disabling. In a notice dated August 4, 1966, the V.A. awarded Mr. Johnson a 20-percent combined service-connected disability rating, entitling him to receive $32 per month from the V.A., retroactive to October 1, 1965. Subsequently, Mr. Johnson filed V.A. forms by which he expressly waived that portion of his Air Force retirement pay which was equal in amount to the compensation awarded him by the V.A. [2]
*80 In July of 1966, Mr. Johnson accepted a civilian position with the U.S. Air Force in Germany. As a result of a medical examination conducted by Air Force doctors at Ramstein Air Base, Germany, Mr. Johnson was diagnosed as suffering from Paget's disease, a degenerative bone condition. On approximately October 6, 1969, he applied to the V.A. for an increase in his degree of disability rating. The V.A. notified him on August 27, 1970, of its determination that his Paget's disease was incurred in wartime service and was considered to be 20-percent disabling. The V.A. increased his combined disability rating to 40 percent; such rating entitled him to disability benefits of $89 monthly from October 6, 1969, and $96 monthly from July 1, 1970. During 1973, Mr. Johnson received disability compensation of $106 per month from the V.A. On April 26, 1972, and May 21, 1975, Mr. Johnson filed with the Department of the Air Force applications for correction of his military records, requesting a change in his retirement status from retirement based on length of service without disability to retirement with 40-percent disability. Both such requests were rejected by the Air Force. In 1973, *81 Mr. Johnson received a total of $1,272.00 in disability benefits from the V.A.; the Commissioner concedes that such amount is excludable from gross income under section 104(a)(4). During 1973, Mr. Johnson also received retirement pay from the Air Force in the amount of $5,438.88; such amount represents the pay to which he was entitled based on years of service, reduced by the amount received from the V.A. On their 1973 return, Mr. and Mrs. Johnson excluded $2,587.20 of Mr. Johnson's Air Force retirement pay, with the following explanation: Adjustment is to Income to show entitlement to Disability Retirement exclusion as provided by 26 U.S.C. 104(a)(4) as limited by 10 U.S.C. 1403. Also copy of VA letter of August 27, 1970 is attached. Exclusion of 40% disability of Basic Pay at
time of Retirement in 1965; ($9648.00 X.40)
= $3,859.20
Less VA Compensation (1973)
- $1,272.00
Allowable exclusion from remainder of
Retired Pay
$2,587.20 In his notice of deficiency, the Commissioner determined that Mr. Johnson was not entitled to exclude any portion of his Air Force retirement pay. OPINION Section 104(a)(4) provides *82 in relevant part that gross income does not include "amounts received as a pension, annuity or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country." The petitioner seeks to fit the payments received by him from the Air Force under the exclusion granted by section 104(a)(4). His position, as we understand it, is that because of the V.A. determination of disability, he should be treated in the same manner as those who are retired from the armed forces because of disability. [3] He suggests that the Air Force was unreasonable in refusing to change his records to show that he retired because of disability. *83 Similar arguments were considered in the cases of Scarce v. Commissioner,17 T.C. 830 (1951), and Pangburn v. Commissioner,13 T.C. 169 (1949), in which the Court concluded that Congress intended to exempt from taxation only "amounts paid on account of personal injuries or sickness." Pangburn v. Commissioner,supra at 172 (emphasis supplied). The fact that the taxpayer retired on the basis of years of service fixed the character of the payments as compensation for length of service, rather than compensation for or on account of disability; hence, they were not excludable from income. Scarce v. Commissioner,supra at 833; Pangburn v. Commissioner, supra; see Simms v. Commissioner,17 T.C. 1 (1951), affd. 196 F. 2d 238 (D.C. Cir. 1952). Moreover, on the record in this case, we cannot find that the petitioner was entitled to retire on disability. The applicable statute authorizes the retirement of a member of the armed forces who "is unfit to perform the duties of his office, grade, rank, or rating because of physical disability." 10 U.S.C. sec. 1201 *84 (1970). The petitioner was examined by Air Force doctors approximately 6 months before his retirement and was determined to be physically capable of continuing in active military service. Although the V.A. later assigned him a 40-percent disability rating, such finding does not determine his status for Air Force retirement purposes. The standards for determining whether the petitioner was "unfit to perform the duties of his office" and whether he was entitled to a disability rating by the V.A. are different, and the V.A. rating has no bearing on the determination by the Air Force. Williams v. United States,405 F. 2d 890, 891 (Ct. Cl. 1969), cert. denied 396 U.S. 966 (1969); Wales v. United States,130 F. Supp. 900, 903 (Ct. Cl. 1955); Lambert v. Commissioner,49 T.C. 57, 60-61 (1967). Nor can we, at least on this record, hold that the Air Force Board for Correction of Military Records (the board) acted arbitrarily in refusing the petitioner's requests to change his records. The board is empowered to correct any military record where necessary "to correct an error or remove an injustice." 10 U.S.C. sec. 1552 *85 (a) (1970). The petitioner testified at trial that he believed the board rejected his applications because a change in retirement status would not result in any change in the amount of payments to him; however, he failed to introduce into evidence the letters he received from the board notifying him of its decisions. At least one court has held that the board has jurisdiction under appropriate circumstances to correct a record to show retirement for disability in order to secure exemption from tax. Ray v. United States,453 F. 2d 754 (Ct. Cl. 1972). Yet, without the board's statements as to the reasons for denying the petitioner's requests, we cannot say that the board acted arbitrarily in refusing his requests. [4]
*86 We hold that the petitioner has failed to establish that he was entitled to retire on the basis of disability; hence, no portion of the payments made to him by the Air Force is excludable under section 104(a)(4). Lambert v. Commissioner,supra;Kuhn v. United States, an unreported case ( E.D. Va. 1971, 71-2 U.S.T.C. par. 9660, 28 A.F.T.R. 2d 71-5632); compare McNair v. Commissioner,250 F. 2d 147 (4th Cir. 1957), revg. 26 T.C. 1221 (1956), in which the Court found as a fact that the taxpayer was entitled to retire because of disability; see also Freeman v. United States,265 F. 2d 66 (9th Cir. 1959); Prince v. United States,119 F. Supp. 421 (Ct. Cl. 1954). To reflect settlement of another issue by the parties, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year at issue, unless otherwise indicated.↩
2. Under the applicable statutes which prohibit duplication of benefits, Mr. Johnson was required to file such a waiver in order to receive his monthly disability compensation from the V.A. 38 U.S.C. secs. 3104, 3105 (1970)↩.
3. A disability retiree is entitled to have his retired pay computed on the basis of years of service, rather than percentage of disability, if the former is more favorable to him. 10 U.S.C. sec. 1401 (Supp. II 1972). However, that part of the retired pay of a disability retiree, computed on the basis of years of service, which exceeds the retired pay he would receive if it were computed on the basis of percentage of disability is not excludable under sec. 104(a)(4). 10 U.S.C. sec. 1403 (1970). If a retiree waives a portion of his military retired pay in favor of a nontaxable V.A. benefit, the waived amount is subtracted from any amounts excludable under sec. 104(a)(4). Sec. 1.122-1(c)(3), Income Tax Regs.↩
4. In view of the petitioner's failure to prove that he was entitled to retire on disability or that the board acted arbitrarily in refusing his requests, we do not reach the question of what action, if any, should be taken by this Court if he had established such facts.If the petitioner wished to challenge the board's determination, he could have brought an action in the district court under 28 U.S.C. sec. 1361 (1970). E.g., Haines v. United States,453 F. 2d 233 (3d Cir. 1971); Ragoni v. United States,424 F. 2d 261 (3d Cir. 1970); Sanford v. United States,399 F. 2d 693 (9th Cir. 1968); Ashe v. McNamara,355 F. 2d 277↩ (1st Cir. 1965).