T.C. Memo. 1999-348


UNITED STATES TAX COURT


DALE C. AND JACQUELINE L. HOLT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 187-98.                    Filed October 20, 1999.

<u>Stephen D. Willey</u>, for petitioner.

<u>James F. Prothro</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax in the amount of
$6,748, together with an accuracy-related penalty under section
6662(a) in the amount of $1,350, for the taxable year 1995.  All
section references are to the Internal Revenue Code in effect for
the year in issue.

On brief, respondent conceded that petitioners are not
liable for the accuracy-related penalty.  Therefore, the only

issue which the Court must decide is whether a disability percentage rating issued by the Veterans' Administration entitles petitioners to exclude any portion of a "length of service military retirement pension" (service pension) under section 104(a)(4).  If the exclusion is denied, then, due to the resultant increase in income, petitioners' Schedule A limitation must be adjusted by the amount of $234 in accordance with respondent's determination in the notice of deficiency. (Petitioners did not contest this issue at trial or on brief.)

## FINDINGS OF FACT

Some of the facts in this case have been stipulated and are so found.  Petitioners resided in Arlington, Texas, at the time they filed their petition.  They filed a joint Federal income tax return for 1995.

In 1987, petitioner Dale C. Holt (petitioner) retired from the United States Air Force (Air Force) as a Colonel.  Petitioner served on active duty from January 1957 until August 1987.  He received a retirement pension for his length of service and not for any disability.

After retirement, petitioner applied for nontaxable disability benefits from the Veterans' Administration (VA). Petitioner executed a VA form, Veteran's Application for Compensation or Pension.  In doing so, petitioner waived that portion of his service pension from the Air Force which was equal

to the compensation which might be awarded by the VA. This waiver is required to prevent veterans from receiving double benefits from both the VA and a branch of the military for the same military service. The VA awarded petitioner an initial disability rating of VA 10 percent for a chronic back ailment. The VA percentage rating equals a dollar amount based on VA charts. This service-connected disability rating was subsequently increased to a VA 40 percent in 1995. In addition to the back ailment, petitioner has degenerative arthritis and spinal disk shrinkage with a bulging disk.

In 1995, petitioner received $45,847 in service pension pay from the Air Force. The Defense Finance and Accounting Service sent petitioner statements on which the $45,847 figure was clearly labeled as taxable income. Petitioner also received $5,926 from the VA for disability benefits. In a notice dated September 28, 1988, from the VA, the VA stated that VA compensation (disability benefits) is not taxable, but that retirement pay (service pensions) which is based on age or length of service is taxable.

On their 1995 return, petitioners reported total income of $99,240. Apparently, petitioner's ailments did not prevent him from working in 1995. Petitioner earned $25,015.74 from American Airlines, Inc., $8,090 from Aviation Crew Training, Inc., and $1,260 from American Trans Air., Inc.

Petitioners excluded from gross income the full amount of the VA disability benefits, $5,926, and $23,857 of the service pension income. Petitioners utilized the following formula. Petitioners took their gross retirement pay of $55,195 and divided it by 75 percent to reach $75,593. This $75,593 was then multiplied by the VA 40 percent determined disability to reach a disability exclusion of $29,437. This amount was adjusted by subtracting the amount of retirement pay that had been waived due to VA disability benefits of $5,580. The resulting $23,857 was characterized as an "adjusted exclusion" by petitioners. Petitioners then subtracted the $23,857 from Form 1099-R taxable income of $45,847 to reach a calculated "taxable" amount of $21,990.

Respondent determined that the total taxable pension from the Defense Finance and Accounting Service Cleveland Center was $45,847, which is the amount reported on the Form 1099-R from that source. Respondent also determined that petitioners underreported their service pension by $23,857.

OPINION

Petitioners believe that they were entitled to exclude the service pension payments from their income based on conferences with Internal Revenue Service (IRS) personnel that occurred in 1992 or 1993. From those conversations, petitioners thought that they could follow a "Sergeant Jones" example from IRS Publication

17, Your Federal Income Tax (1976) (Publication 17) that was distributed for the preparation of 1975 tax returns. In 1992, petitioners amended their returns for 1989, 1990, and 1991 in accordance with their beliefs. Thereafter, they filed each year's return in the same manner. Until the 1995 taxable year, the IRS accepted these computations. On the 1995 return, petitioners continued their course of action, but, as noted, respondent disallowed the exclusion of $23,857 from their gross income.

Petitioners argue that the VA 40 percent disability rating gives them the opportunity under section 104(a)(4) to exclude from their service pension an amount based on the 40 percent disability rating for injuries resulting from active service in the armed forces. Petitioners also assert that since they relied on advice from IRS personnel who directed them to use Publication 17, respondent should not be allowed now to change position regarding petitioners' use of this computation method. Respondent's position is that service pensions based on length of service are not excludable from gross income under section 104(a)(4).

Section 104(a)(4) provides an exclusion from gross income for amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country. Under section 104(b),

section 104(a)(4) will not apply to an individual unless one of four criteria is satisfied.  One criterion is that the individual be a member of an organization referred to in section 104(a)(4) on or before September 24, 1975.  Sec. 104(b)(2)(B).  Because petitioner was a member of the Air Force on September 24, 1975, he meets that criterion.  However, section 104(a)(4) applies only to payments received for personal injuries or sickness.

Petitioner has the burden of proving that the pension payments that he received were for a disability incurred during his active service in the military.  Scarce v. Commissioner, 17 T.C. 830, 833 (1951).  As the Court there stated:  "Retirement pay for length of service is not exempt from taxation."  Id.

Petitioner's Air Force record clearly states that his retirement was based on years of service, not on disability.  The record contains no evidence that petitioner was on a disability pension.  Petitioner has attempted to use the VA disability rating to justify his position that he could have received a "disability retirement pension" at the time of his retirement. Petitioner's argument is not supported by the evidence in the record.  This Court has previously considered similar arguments and has ruled that payments under service pensions should be included in income regardless of the existence of a VA disability determination.  Lambert v. Commissioner, 49 T.C. 57 (1967); Sidoran v. Commissioner, T.C. Memo. 1979-56, affd. 640 F.2d 231

(9th Cir. 1981). In these cases, we held that a VA disability determination does not prove that a portion of a pension is received for injuries sustained during active service. Moreover, the VA percentage of disability determination and petitioner's subsequent election have already resulted in a specific benefit which was excluded from petitioners' income.

Petitioners cited McNair v. Commissioner, 250 F.2d 147 (4th Cir. 1957), revg. 26 T.C. 1221 (1956), and Prince v. United States, 127 Ct. Cl. 612, 119 F. Supp. 421 (1954). Both cases involved veterans who retired from active duty and received service pensions. However, those veterans were then recalled to active duty and subsequently found to be incapable of remaining on active duty due to service-connected injuries. In the instant case, petitioner was not recalled to active duty after his retirement, nor was he ever found to be incapable of remaining on active duty due to his injuries. Therefore, these cases are not controlling.

Petitioners also relied on Rev. Rul. 78-161, 1978-1 C.B. 31, and the "Sergeant Jones" example from an outdated IRS Publication 17 as authority for their treatment of the service pension income. Rev. Rul. 78-161 is inapplicable on its face since it relates to a retroactive VA disability rating, which is not involved in the present case. Rather, petitioners are trying to exclude an amount in excess of the amount allowed by the VA.

Furthermore, publication 17 clearly states that service pension payments based on age or length of service are taxable. It also states that disability retirement pensions based on percentage of disability are excluded from gross income. The "Sergeant Jones" example in Publication 17 is inapplicable to petitioners. That example involves disability retirement pay and in no way supports petitioners' position. Even if the example in Publication 17 were applicable, IRS publications are only guides for taxpayers; statutes, regulations, and judicial decisions will govern. Zimmerman v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979); French v. Commissioner, T.C. Memo. 1991-417.

Petitioners' final argument is that respondent should not be allowed to change the treatment of the service pension, because petitioners relied on advice from IRS personnel and were previously allowed the exclusions. Unfortunately for petitioners, respondent is not precluded from correcting mistakes made in the interpretation of the law. Neri v. Commissioner, 54 T.C. 767, 772 (1970).

To the extent that any of petitioners' other arguments were not addressed by this Court, we have considered them and find them to be without merit.

Because a VA disability determination does not convert a service pension into a disability pension, we find that

petitioner did not receive his service pension for personal injuries sustained in the course of active duty in the Air Force. Accordingly, we sustain respondent's determination that the service pension is taxable to petitioners in its entirety.

> Decision will be entered for respondent as to the deficiency, and for petitioners as to the penalty.