**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2015-51

UNITED STATES TAX COURT

JAMES RAMONE TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22541-11S.                    Filed August 24, 2015.

James Ramone Taylor, pro se.

<u>Michael R. Connelly</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 12, 2011 (notice), respondent determined a $6,488 deficiency in, and a $1,298 accuracy-related penalty with respect to, petitioner's 2009 Federal income tax.

After a concession,[2] the issues for decision are: (1) whether any or all of petitioner's military retirement pay is excludable from income and (2) whether petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Oklahoma.

After 26 years of active service in the U.S. Army, petitioner retired as a lieutenant colonel in 2002. At the time, petitioner qualified for and began to receive military retirement pay. That same year petitioner was divorced. Pursuant

---

[1](...continued)
Code of 1986, as amended, in effect for 2009. Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner concedes that he failed to report interest income of $1,053 from the Internal Revenue Service in 2009 and that the entire amount is includable in his income for that year.

to the divorce, petitioner's former spouse was awarded a portion of his military retirement pay.  See 10 U.S.C. sec. 1408(c) (2000).[3]

A Defense Finance and Accounting Service (DFAS) account statement shows petitioner's 2009 gross retirement pay as $48,966, which includes:  (1) approximately $2,244.40 attributable to the portion of his military retirement pay that he was required to waive because of his election to receive VA disability compensation (VA waiver compensation);[4] and (2) the portion of his military retirement pay awarded to his former spouse.  The account statement also shows

_____

[3]On October 1, 2002, petitioner filed a claim for service-connected disability compensation with the Department of Veterans Affairs (VA).  On November 8, 2002, the VA determined that he was 70% disabled at the time of his retirement and was entitled to receive disability compensation of $1,081 a month from the VA starting on November 1, 2002 (disability compensation).  The parties agree that petitioner's disability compensation is excludable from his gross income pursuant to sec. 104(a)(4).

[4]Before 2004 a military retiree was not permitted to receive military retirement pay and VA disability compensation concurrently.  See 10 U.S.C. sec. 1413 (2000 & Supp. 2001-03); see also 38 U.S.C. secs. 5304, 5305 (2000 & Supp. 2001-06).  In this regard, a retiree was required to waive military retirement pay in an amount equal to any VA disability compensation received.  See S. Rept. No. 108-265, at 39 (2004).  In the National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136, sec. 641(a)-(c), 117 Stat. at 1511-1514, Congress repealed 10 U.S.C. sec. 1413 (2000) and amended 10 U.S.C. sec. 1414 (2000) to eliminate (over a 10-year period beginning January 1, 2004) the concurrent receipt restriction outlined above as applied to military retirees with service-connected disabilities rated by the VA at not less than 50%.  See 10 U.S.C. sec. 1414(c) (2000 & Supp. 2001-2004).

that petitioner did not elect to participate in the survivor benefit plan then available.

For 2009 DFAS issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., that shows $28,007 as the "taxable amount" of his military retirement pay. The VA waiver compensation is not included in the taxable amount shown on the Form 1099-R. Neither is the portion of petitioner's retirement pay awarded to his former spouse.

Before the preparation of his 2009 Federal income tax return, and upon the recommendation and advice of an acquaintance, petitioner submitted amended Federal income tax returns for 2006, 2007, and 2008 (amended returns).[5] Apparently, on the original return for each of those years petitioner included in income the amount of the military retirement pay shown as taxable on the Forms 1099-R that DFAS issued to him. On each amended return petitioner claimed a refund computed by treating the taxable amount as excludable from income. Included with each amended return is a statement showing how the amount of the exclusion was computed. According to petitioner, the computations are based

_____

[5]From what has been submitted, we are reluctant to find that all of the amended returns were submitted at once, but it would appear that is what happened.

upon examples in section 1.122-1, Income Tax Regs.; specifically, paragraph (c) and Example 4 of paragraph (d). Petitioner received the refunds claimed on the amended returns before his 2009 return was filed.

The $28,007 of military retirement pay reported as taxable on the Form 1099-R is shown on petitioner's self-prepared 2009 Federal income tax return but not included in the income reported on that return. After petitioner's 2009 return was filed, he provided to respondent a computation (2009 computation) showing how the exclusion was computed. As with the amended returns, the 2009 computation appears to be based upon examples in section 1.122-1, Income Tax Regs.

In addition to an adjustment now agreed upon, in the notice respondent increased petitioner's income by the taxable portion of his military retirement pay and imposed a section 6662(a) penalty upon the ground that the underpayment of tax required to be shown on his return is a substantial understatement of income tax.

## Discussion

### I. Military Retirement Pay

Section 61(a) provides that gross income means "all income from whatever source derived". Pensions and retirement allowances constitute gross income unless excluded by law. Sec. 61(a)(11); sec. 1.61-11(a), Income Tax Regs. Military retirement pay is pension income within the meaning of section 61(a)(11), Wheeler v. Commissioner, 127 T.C. 200, 205 n.11 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008), that is, in general, not exempt from taxation, see Scarce v. Commissioner, 17 T.C. 830, 833 (1951); Holt v. Commissioner, T.C. Memo. 1999-348.

According to petitioner, section 122 and its corresponding regulations allow for the exclusion of his military retirement pay from gross income. Section 122 provides for an exclusion for the amount of any reduction in an individual's military retirement pay pursuant to the individual's survivor's annuity election. See 10 U.S.C. ch. 73. As noted, the taxable portion of petitioner's military retirement pay does not include the amount paid to his former spouse pursuant to their divorce, and he has not made a survivor's annuity election under title 10. We fail to see how section 122 and/or its corresponding regulations apply to allow for

the exclusion that petitioner claims. Accordingly, we agree with respondent that petitioner is not entitled to exclude $28,007 from his gross income for 2009.

II. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a penalty of 20% of the portion of the underpayment of tax attributable to a substantial understatement of income tax. An understatement of income tax is substantial within the meaning of section 6662 if, as relevant here, the understatement exceeds $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6662(d)(1)(A) defines a "substantial understatement of income tax" as an understatement in an amount exceeding the greater of 10% of the tax required to be shown on the return or $5,000. The term "understatement" is defined as the excess of the amount of tax required to be shown on the return over the amount shown. Sec. 6662(d)(2)(A). Section 6662(d)(2)(B) reduces the amount of an understatement by the portion of the understatement for which: (1) there is substantial authority for the taxpayer's tax treatment of the item or (2) there is adequate disclosure of the relevant facts affecting the item's tax treatment and there is a reasonable basis for the taxpayer's treatment of the item. Petitioner's position is not supported by any substantial authority, nor did he adequately disclose on his 2009 return the reason he excluded the taxable portion

of his military retirement pay.  See Sampson v. Commissioner, T.C. Memo. 2013-212; sec. 1.6662-4(f), Income Tax Regs.; Rev. Proc. 2010-15, 2010-7 I.R.B. 404.

Respondent bears the burden of production with respect to the imposition of the penalty here in dispute, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax, which equals the deficiency, exceeds $5,000, see secs. 6211, 6662(d)(2), 6664(a).  That being so, it is petitioner's burden to establish that the imposition of the penalty is not appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 447 (2001); see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6664(c)(1) provides that the section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances.  Id. para. (b)(1).

Petitioner's reliance upon section 122 and/or his reliance upon the advice received from an acquaintance would hardly support a finding that he had reasonable cause for, and acted in good faith with respect to, the exclusion of the

taxable portion of his military retirement pay, which in turn resulted in a substantial portion of the underpayment of tax. But petitioner's good faith and the apparent reasonableness of his position are supported by the sequence of certain events that preceded the filing of his 2009 return. Specifically, not once, not twice, but three times petitioner claimed refunds computed by excluding the taxable portions of his military retirement pay previously included in income, and with each refund claim he provided the explanation for the exclusion that he relies upon here. Not once, not twice, but three times the refund claims were allowed. Technically, the apparently erroneous refund claim allowances say nothing about the merits of petitioner's position. Nevertheless, the allowances could lead a reasonable person to believe that the basis for the exclusion had merit.[6] See, e.g., Matthews v. Commissioner, 92 T.C. 351, 362-363 (1989), aff'd, 907 F.2d 1173 (D.C. Cir. 1990).[7] Because petitioner's refund claims were allowed before the

---

[6]We also note that nothing in the record suggests that the United States attempted to recover those refunds through a sec. 7405 proceeding.

[7]In Matthews v. Commissioner, 92 T.C. 351 (1989), aff'd, 907 F.2d 1173 (D.C. Cir. 1990), the Court noted that the rejection of the Commissioner's imposition of what was then an addition to tax for negligence was limited to the facts of that case. Similarly, we limit our rejection of the sec. 6662(a) accuracy-related penalty here in dispute to the facts of this case. Our reasoning with respect to the rejection of petitioner's claim that his military retirement pay is excludable from income, of course, could apply to other years, and we note that he has the

(continued...)

filing of his 2009 return, and because the position taken on those refund claims is the same that caused him to exclude the income here in dispute, we find that he had reasonable cause and acted in good faith with respect to the portion of the underpayment of tax attributable to the exclusion of the taxable portion of his 2009 military retirement pay. Petitioner is not liable for a section 6662(a) penalty with respect to that portion.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[7](...continued)
same issue pending in Taylor v. Commissioner, T.C. Dkt. No. 7137-13S (filed Mar. 28, 2013).