T.C. Summary Opinion 2017-4

UNITED STATES TAX COURT

JAMES RAMONE TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7137-13S.                    Filed February 6, 2017.

James Ramone Taylor, pro se.

<u>Michael R. Connelly</u> and <u>John Q. Walsh, Jr.</u>, for respondent.

SUMMARY OPINION

LEYDEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 31, 2012, the Internal Revenue Service (IRS)[2] determined a deficiency in petitioner's 2010 Federal income tax of $7,310 and a section 6662(a) accuracy-related penalty of $1,462.

After concessions by petitioner and respondent,[3] the sole remaining issue is whether respondent is estopped from denying that petitioner's military retirement pay is excludable from gross income for 2010 because the IRS accepted petitioner's amended tax returns for 2006, 2007, and 2008 on which he excluded his military retirement pay from gross income.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for 2010.  Rule references are to the Tax Rules of Practice and Procedure.

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings.  The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

[3]The Court held a telephone conference with the parties on June 29, 2016, to clarify the issues in the case.  Petitioner conceded the military retirement pay at issue was not excludable from gross income under sec. 104(a)(4) or sec. 122. Respondent conceded the accuracy-related penalty for an underpayment due to a substantial understatement of income tax under sec. 6662(a) and (b)(2).  The Court issued an order dated June 30, 2016, confirming the sole remaining issue.

## Background

This case was submitted fully stipulated by the parties pursuant to Rule 122. The first stipulation of facts filed on May 9, 2016, and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Oklahoma.

Petitioner is retired from the U.S. Army (Army). Petitioner separated from the Army on September 30, 2002, with a rank of lieutenant colonel after having sufficient length of service to qualify for retirement. His separation from the Army was not due to disability. Neither the Army nor the U.S. Department of Defense determined that petitioner was disabled or unfit for duty in the Army at the time of his separation.

On October 1, 2002, after his separation from the Army, petitioner filed an application with the U.S. Department of Veterans Affairs (VA) for compensation for service-connected disabilities (disability compensation). On November 8, 2002, the VA determined that petitioner was entitled to disability compensation and that petitioner had a combined disability rating of 70%.

I.      Petitioner's 2010 Tax Return

In 2010 petitioner received disability compensation payments from the VA.[4]

Petitioner did not report the payments on his 2010 tax return.  The VA did not

report the payments to the IRS, and the IRS did not determine the payments were

includable in petitioner's gross income for 2010.

In 2010 petitioner also received $28,740.03 from the Defense Finance and

Accounting Service (DFAS) as net military retirement pay due to his previous

service in the Army.  Petitioner's gross military retirement pay was reduced by

$1,059.95 attributable to the portion of military retirement pay petitioner was

required to waive because of his election to receive VA disability compensation[5]

---

[4]On November 8, 2002, the VA determined that petitioner was entitled to receive disability compensation of $1,081 per month starting on November 1, 2002.  The parties have not stipulated the amount of disability compensation that the VA paid to petitioner in 2010.

[5]Before 2004 a military retiree was not permitted to receive military retirement pay and VA disability compensation concurrently.  See 10 U.S.C. sec. 1413 (2000 & Supp. 2001-2003); see also 38 U.S.C. secs. 5304 and 5305 (2000 & Supp. 2001-2006).  In this regard a retiree was required to waive military retirement pay in an amount equal to any VA disability compensation.  See S. Rept. No. 108-265, at 39 (2004).  In the National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136, sec. 641(a)-(c), 117 Stat. at 1511-1514, Congress repealed 10 U.S.C. sec. 1413 (2000) and amended 10 U.S.C. sec. 1414 (2000) to eliminate (over a 10-year period beginning January 1, 2004) the concurrent receipt restriction outlined above as applied to military retirees with

(continued...)

and reduced by $19,160.02 attributable to the portion of military retirement pay awarded to his former spouse. DFAS filed a 2010 Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., with the IRS and issued the form to petitioner reporting the military retirement pay of $28,740.03 as a taxable distribution. Petitioner timely filed his 2010 tax return electronically. Petitioner did not include the $28,740.03 of military retirement pay he received in 2010 that was reported to him by DFAS on the Form 1099-R.

## II.     Petitioner's Original and Amended 2006, 2007, and 2008 Tax Returns

On his original 2006, 2007, and 2008 tax returns petitioner included his military retirement pay in gross income. Sometime after filing the original tax returns petitioner spoke with a friend who was also a lieutenant colonel. He also spoke with an individual to whom his friend referred him. The individual advised petitioner that he could exclude some portion of his military retirement pay from gross income. On the basis of this advice, petitioner decided he should exclude his military retirement pay from gross income for these years.

---

[5](...continued)
service-connected disabilities rated by the VA at not less than 50%. See 10 U.S.C. sec. 1414(c) (2012).

In 2009 petitioner filed claims for tax refunds for 2006, 2007, and 2008 by filing amended tax returns on which he excluded his military retirement pay from gross income. The individual who had given petitioner advice prepared petitioner's 2006, 2007, and 2008 amended tax returns. Petitioner included with his amended tax returns worksheets entitled "Statement Regarding Military Retirement" showing how he computed the amount of the excluded military retirement pay.

On November 23, 2009, the IRS processed petitioner's refund claims for 2006, 2007, and 2008 and refunded the following amounts:

| Year | Income tax | Interest |
|------|-----------|----------|
| 2006 | $4,307 | $698.60 |
| 2007 | 3,365 | 256.55 |
| 2008 | 5,015 | 98.22 |

III.   The IRS' Examination of Petitioner's 2010 Tax Return

The IRS examined petitioner's 2010 tax return. During the examination petitioner created a worksheet to show how he had calculated the amount of the military retirement pay he had excluded from gross income for 2010. This worksheet was similar to the worksheets petitioner filed with his amended tax returns.

In a notice of deficiency dated December 31, 2012, the IRS determined petitioner's military retirement pay of $28,740.03 was includable in gross income for 2010.

Discussion

Petitioner concedes, see supra note 2, that his military retirement pay is not excludable from gross income for 2010 under section 104(a)(4) or section 122 as he initially asserted.[6]  Nonetheless, petitioner asserts that even if his military retirement pay is not excludable from gross income, under section 104(a)(2) or 122, respondent is estopped under the doctrines of equitable estoppel and promissory estoppel from denying that petitioner's military retirement pay is excludable from gross income for 2010.  Petitioner points to the IRS' acceptance of his amended tax returns for 2006, 2007, and 2008, on which he excluded his

---

[6]Also, petitioner did not include the military retirement pay he received in 2009 on his tax return for 2009.  The IRS issued petitioner a notice of deficiency dated September 12, 2011, for 2009 that determined his military retirement pay was includable in gross income for 2009.  Petitioner filed a timely petition with this Court for 2009.  On August 24, 2015, this Court issued an opinion in Taylor v. Commissioner, T.C. Summary Opinion 2015-51.  In that opinion the Court determined that petitioner's military retirement pay was includable in gross income for 2009 and that petitioner was not liable for a sec. 6662(a) accuracy-related penalty with respect to the excluded taxable portion of his 2009 military retirement pay.

military retirement pay from gross income and for which the IRS issued him refunds.

The burden of proof is on the party claiming estoppel against the Government. See Rule 142(a); Hofstetter v. Commissioner, 98 T.C. 695, 701 (1992). The Court concludes that petitioner has not met his burden of proof and respondent is not estopped from including petitioner's military retirement pay in gross income for 2010.

## I.    Equitable Estoppel

Equitable estoppel is a judicial doctrine that "precludes a party from denying his own acts or representations which induced another to act to his detriment." Graff v. Commissioner, 74 T.C. 743, 761 (1980), aff'd, 673 F.2d 784 (5th Cir. 1982); see Megibow v. Commissioner, T.C. Memo. 2004-41, 2004 Tax Ct. Memo LEXIS 43, at *23. "The doctrine of equitable estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice and is designed to aid the law in the administration of justice where without its aid injustice might result." Graff v. Commissioner, 74 T.C. at 761.

The Supreme Court has held that "the Government may not be estopped on the same terms as any other litigant." Heckler v. Cmty. Health Servs., 467 U.S. 51, 60 (1984); see OPM v. Richmond, 496 U.S. 414, 419 (1990). The general rule

is that the Government is neither bound nor estopped by the acts of its officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not permit or sanction. Graff v. Commissioner, 74 T.C. at 762. Equitable estoppel has been applied against the Government only where justice and fair play require it. Id. at 761.

It has also been recognized that invoking the doctrine of equitable estoppel against the Government "must be treated with utmost caution, since its sanction in any case would result in having individual tax liability depend, not upon the factors and measures prescribed by Congress as applicable to all, but upon the statements and conduct of a particular Government officer in respect of each individual." Couzens v. Commissioner, 11 B.T.A. 1040, 1148 (1928). Thus the doctrine of equitable estoppel is applied against the Commissioner only with utmost caution and restraint. Schuster v. Commissioner, 312 F.2d 311, 317 (9th Cir. 1962), aff'g in part, rev'g in part 32 T.C. 998 (1959); McCorkle v. Commissioner, 124 T.C. 56, 68 (2005); Hoffstetter v. Commissioner, 98 T.C. at 700; Graff v. Commissioner, 74 T.C. at 761.

Petitioner asserts that respondent should be equitably estopped from denying petitioner's exclusion of his military retirement pay from gross income

because the IRS accepted his amended tax returns for 2006, 2007, and 2008[7] and he relied on these actions to his detriment when he excluded his military retirement pay from gross income on his 2010 tax return. Specifically, petitioner emphasizes that the actions by the IRS "promoted the expectations of the petitioner that the amendment process/law used by the petitioner was just." Petitioner asserts that because the IRS accepted his 2006, 2007, and 2008 amended tax returns, which excluded his military retirement pay from gross income, the IRS is estopped from taking a different position for 2010.

In order to invoke the doctrine of equitable estoppel against the United States petitioner must establish: "(1) conduct constituting a representation of material fact; (2) actual or imputed knowledge of such fact by the representor; (3) ignorance of the fact by the representee; (4) actual or imputed expectation by the representor that the representee will act in reliance upon the representation; (5) actual reliance thereon; and (6) detriment on the part of the representee." Hofstetter v. Commissioner, 98 T.C. at 700.

The IRS' acceptance of petitioner's amended 2006, 2007, and 2008 tax returns, which excluded petitioner's military retirement pay from gross income,

---

[7]Petitioner asserts that he also filed a 2011 amended tax return to exclude his military retirement pay and that the IRS accepted the amended tax return. Respondent has not agreed with this statement, and it has not been stipulated.

however, was a mistake of law by the IRS, not a mistake of fact. Equitable estoppel does not bar or prevent the IRS from correcting a mistake of law. Auto. Club of Mich. v. Commissioner, 353 U.S. 180, 183-184 (1957); Schuster v. Commissioner, 312 F.2d at 317; see Wilkins v. Commissioner, 120 T.C. 109, 113 (2003).

Gross income means "all income from whatever source derived". Sec. 61(a). Pensions and retirement allowances constitute gross income unless excluded by law. Sec. 61(a)(11); sec. 1.61-11(a), Income Tax Regs. Military retirement pay is pension income within the meaning of section 61(a)(11). Wheeler v. Commissioner, 127 T.C. 200, 205 n.11 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). In general the law does not permit military retirement pay for length of service to be excluded from gross income. See Scarce v. Commissioner, 17 T.C. 830, 833 (1951); Holt v. Commissioner, T.C. Memo. 1999-348, 1999 Tax Ct. Memo LEXIS 402, at *7-*8.

By accepting petitioner's amended tax returns and issuing refunds for 2006, 2007, and 2008, employees of the IRS incorrectly applied the law requiring military retirement pay be included in gross income. The IRS may correct mistakes of law "even where a taxpayer may have relied to his detriment on the * * * [IRS'] mistake." Dixon v. United States, 381 U.S. 68, 73 (1965); see

Greenfeld v. Commissioner, T.C. Memo. 1966-83, 1966 Tax Ct. Memo LEXIS 201, at *5 (holding IRS not estopped from disallowing net losses after failing to make such changes during audits of prior year tax returns). The IRS has the power to correct mistakes of law because an IRS employee by neglect or otherwise cannot bind the IRS to an erroneous interpretation of law. Graff v. Commissioner, 74 T.C. at 762. Thus respondent is not estopped from correcting the mistake of law for 2010. Accordingly, the Court concludes that equitable estoppel is not applicable and respondent is not estopped from determining that petitioner's military retirement pay is includable in gross income for 2010.

## II. Promissory Estoppel

Petitioner also contends that the doctrine of promissory estoppel applies to enforce a promise the IRS made to petitioner that the exclusion of his military retirement pay from gross income for 2010 was correct by accepting his amended tax returns for 2006, 2007, and 2008. Petitioner uses the terms "equitable estoppel" and "promissory estoppel" interchangeably to refer to his estoppel theory. The Court has concluded that equitable estoppel does not apply in this case. To the extent petitioner asserts that the separate doctrine of promissory estoppel prevents the IRS from including his military retirement in gross income

for 2010, the Court also concludes that promissory estoppel does not apply in this case.

Promissory estoppel is different from equitable estoppel. Equitable estoppel is based on a representation of fact rather than a promise. Black's Law Dictionary 631 (9th ed. 2009). "[P]romissory estoppel is used to create a cause of action, whereas equitable estoppel is used to bar a party from raising a defense or objection it otherwise would have, or from instituting an action which it is entitled to institute." Jablon v. United States, 657 F.2d 1064, 1068 (9th Cir. 1981).

The Court understands petitioner's contention to be that respondent should be barred from objecting to the exclusion of his military retirement pay from gross income because the IRS previously allowed the exclusions on his prior year amended tax returns. Petitioner misunderstands the doctrine of promissory estoppel. Petitioner's argument is based on equitable estoppel.

However, to the extent petitioner invokes the theory of promissory estoppel, and without deciding whether this Court has jurisdiction to hear such a claim, the doctrine is not applicable in this case. The IRS did not make any promise to petitioner to exclude his military retirement pay from gross income by accepting his amended tax returns for 2006, 2007, and 2008. The notices petitioner received in response to his 2007 and 2008 amended tax returns state: "As you requested,

we changed your account for * * * [2007 and 2008] to correct your pensions and annuities."[8]  This statement is neither a statement of fact nor a promise to petitioner that his military retirement pay was properly excluded from gross income.  These statements by the IRS were the result of actions by IRS employees and, as discussed above, those actions were the result of a mistake of law.

The IRS is not required for any given year to allow a tax benefit permitted for a previous or subsequent year.  See Pekar v. Commissioner, 113 T.C. 158, 166 (1999).  Each taxable year stands alone, and the IRS may challenge for a succeeding year what was condoned or agreed to for a prior year.  Jeanmarie v. Commissioner, T.C. Memo. 2003-337, 2003 Tax Ct. Memo LEXIS 338, at *10; see Pekar v. Commissioner, 113 T.C. at 166; Kiourtsis v. Commissioner, T.C. Memo. 1996-534, 1996 Tax Ct. Memo LEXIS 552, at *15 (applying the principle in the context of a section 104(a)(4) case).

In his opening brief petitioner contends that under the Taxpayer Bill of Rights the IRS promised him "[t]he right to a fair and just tax system".  Although the Court can appreciate petitioner's frustration, respondent is not precluded from

---

[8]In the stipulation of facts the parties include copies of these notices only for 2007 and 2008.  Petitioner did not provide a copy of the 2006 notice he received from the IRS in response to his amended tax return.  However, neither petitioner nor respondent has provided any documents to indicate that the 2006 notice would be any different from the 2007 and 2008 notices.

including petitioner's military retirement pay in gross income for 2010 despite the IRS' acceptance of his amended tax returns and issuance of refunds for prior years.

The Court has considered all of the parties' arguments, and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit. The Court sustains respondent's determination except to the extent of respondent's concession.

To reflect the foregoing, including respondent's concession,

<u>Decision will be entered for respondent as to the deficiency in tax and for petitioner as to the accuracy-related penalty under section 6662(a)</u>.